**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**Glenn Hilton, Petitioner–Intervenor,**

v.

**UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 1036, Respondent.**

No. 06–71324.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2008.

Filed Feb. 21, 2008.

James J. McDermott, Esq., National Labor Relations Board Region 31, Los Ange-

les, CA, Aileen A. Armstrong, Esq., Fred B. Jacob, Steven B. Goldstein, Esq., National Labor Relations Board Contempt Litigation & Compliance Branch, Washington, DC, for Petitioner.

Glenn M. Taubman, Esq., National Right to Work Legal Defense Foundation, Inc., Springfield, VA, for Petitioner–Intervenor.

David A. Rosenfeld, Esq., Caren P. Sencer, Esq., Weinberg Roger & Rosenfeld, Alameda, CA, for Respondent.

Before: WALLACE, SCHROEDER, and CLIFTON, Circuit Judges.

MEMORANDUM *

The National Labor Relations Board (Board) petitions this court to enforce its supplemental order, dated May 25, 2004, against United Food and Commercial Workers Union, Local 1036 (Union). We have jurisdiction pursuant to 29 U.S.C. § 160(e).

The Board's order first came before this court seven years ago. On May 17, 2001, we concluded that the Board's order was over-broad and ordered it narrowed to make it clear that only those employees who actually received a welcoming letter and object were due reimbursement. *See United Food & Commercial Workers Union, Local 1036 v. NLRB*, 249 F.3d 1115, 1120 (9th Cir.2001). On rehearing en banc, this court explicitly upheld the panel's decision with respect to the welcoming letter. *See United Food and Commercial Workers Union, Local 1036 v. NLRB*, 307

F.3d 760, 774, n. 21 (9th Cir.2002) (en banc).

Pursuant to our decision, the Board modified its order on May 25, 2004. The Board's modification was entirely consistent with our instructions on remand. The newly added language substituted for paragraph B, 2(c) of the order eliminates any doubt regarding the extent of the Union's liability. Reimbursement is due only to those employees who received the welcoming letter, and who file *Beck* objections after receiving notice of their rights. Because the Board's order gave full effect to our earlier instructions on remand, we grant enforcement of the Board's supplemental order in full.

To the extent the Union raises any other issues concerning (1) the notice requirements in paragraph B, 2(a) of the order, (2) the purported impossibility of compliance, (3) the adequacy of notice from 1996 onward, (4) the guidance provided by the Region 16 compliance officer, or (5) the posting requirement in paragraph B, 2(g) of the order, these issues are not properly before us and should be resolved by the Board in compliance proceedings.

The supplemental order of the Board is ENFORCED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.